UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CERTAIN UNDERWRITERS AT LLOYDS, LONDON,
SUBSCRIBING TO POLICY UP01US361029                                PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:04CV540TSL-JCS

MAGNOLIA MANAGEMENT
CORPORATION, BRANDON LIVING
CENTER LLC d/b/a BRANDON COURT,
RANKIN COMMUNITY CARE CENTER LLC
d/b/a BRANDON COURT, BRANDON
COURT, LLC, SANDRA CHAMPION BALL,
MELISSA JOHNSTON, TRACY ROBINSON
GARCIE, COLLEEN CAMP                                              DEFENDANTS

## ORDER

On August 21, 2008, the Fifth Circuit issued its opinion on the appeal of this cause affirming this court's ruling that plaintiff Certain Underwriters at Lloyds, London, subscribing to Policy UP01US361029 (Lloyds) was entitled to a declaratory judgment that a certain liability policy issued by Lloyds to defendant Magnolia Management Corporation did not provide coverage for an underlying wrongful death action and that Lloyds had no duty to defend or indemnify any of the defendants in connection with that action. However, the Fifth Circuit also wrote the following:

> Because we are unable to determine from the record whether appellee has discharged any duty it may have to pay appellant's cost of defense incurred prior to the district court's no coverage ruling, we remand this case to the district court to resolve this issue and render judgment accordingly.

In response to this court's inquiry of the parties as to their position on the issue that was the subject of the Fifth Circuit's remand order, Lloyds filed a memorandum setting forth its arguments that it has discharged any duty to pay defendants' cost of defense and further asserting it is entitled to reimbursement of all costs, fees and other expenses incurred prior to this court's ruling of no coverage. The Magnolia defendants[1] responded in opposition, arguing that Lloyds' attempt to secure an order for reimbursement of costs expended in defense of the Magnolia defendants in the underlying action should be rejected for any one or more of a number of reasons. First, the Magnolia defendants contend that Lloyds' putative claim for reimbursement of defense costs and expenses beyond the scope of the issue remanded by the Fifth Circuit, which inquired *only* as to whether Lloyds' had discharged any duty *to pay* defense costs. Further, they maintain that Lloyds never made any claim in this action for reimbursement of defense costs in its complaint or at any time prior to judgment, and that such claim certainly may not properly be asserted on remand from the Fifth Circuit. The Magnolia defendants submit that even if this claim/issue were properly before the court, Lloyds' claim for reimbursement of defense costs

---

[1] These are Magnolia Management Corporation, Brandon Living Center LLC d/b/a Brandon Court, Rankin Community Care Center LLC d/b/a Brandon Court, Brandon Court, LLC, Melissa Johnston, Tracy Robinson Garcie, and Colleen Camp.

2

would fail as a matter of law even under the case law on which Lloyds relies, because Lloyds' policy does not provide such a right to reimbursement and because, in any event, Lloyds' reservation of rights letter, by which it claims to have apprised the Magnolia defendants of intention to seek reimbursement of defense costs, is simply not specific or clear enough to afford such notice.  See United Nat'l Ins. Co. v. SST Fitness Corp., 309 F.3d 914, 917-920(6th Cir. 2002) (cited by Lloyds for proposition that an insurer is entitled to reimbursement of defense costs expended on behalf of an insured where (i) it is determined the insurer did not have a duty to defend, (ii) the insurer timely and explicitly reserved its rights to recoup such costs, (iii) the insurer provided specific and adequate notice of the possibility of reimbursement, and (iv) the insured accepted the insurer's defense).

The court finds merit in the Magnolia defendants' position on each of these points, and therefore concludes that Lloyds is not entitled to reimbursement of defenses costs expended prior to this court's ruling of no coverage.  It is otherwise not disputed between the parties that Lloyds "has discharged any duty it may have to pay [the Magnolia defendants'] cost of defense incurred prior to the district court's no coverage ruling."

Based on the foregoing, it is ordered that Lloyds has discharged any duty to pay defendant's cost of defense and it is

3

further ordered that Lloyds is not entitled to reimbursement of any costs, fees and other expenses incurred prior to this court's ruling of no coverage.

SO ORDERED this 26th day of June, 2009.

/s/ Tom S. Lee
UNTIED STATES DISTRICT JUDGE